United States District Court
District of Massachusetts

| | |
|---|---|
| Michaeline Grol, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 16-11948-NMG |
| Safelite Group, Inc., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves an employment dispute between Michaeline Grol ("Grol" or "plaintiff"), a sales representative, and Safelite Group, Inc. ("Safelite" or "defendant"), an auto glass replacement and repair company. Plaintiff asserts that defendant 1) discriminated against her on the basis of age, in violation of M.G.L. c. 151B § 4, 2) breached their employment contract and 3) breached the covenant of good faith and fair dealing.

The case was originally filed in the Massachusetts Superior Court for Bristol County but was removed by defendant to this Court on diversity grounds. Plaintiff is domiciled in Massachusetts while defendant is incorporated in Delaware and has its principal place of business in Ohio.

Defendant moves for summary judgment on all claims. Because genuine issues of material fact exist as to each claim, defendant's motion for summary judgment will be denied.

I. **Background**

Michaeline Grol plaintiff was a sales representative for Giant Glass, a glass repair and replacement company for nearly 20 years. In January, 2013, Safelite acquired Giant Glass and retained plaintiff, then 53 years old, as a sales representative. At a meeting in January, 2013, Tom Feeney, CEO of Safelite, indicated that Giant Glass employees would be entitled to one year of severance if they left the company. Defendant agreed to continue plaintiff's employment under terms that plaintiff proposed, including 1) her weekly draw at the same rate that she had received from Giant Glass, 2) a 13% commission on 80% of her total sales and 3) a monthly car allowance of $700. Grol contends that, in a series of emails with Chad Flowers, Regional Vice President of Safelite ("Flowers"), the defendant agreed to certain additional terms of employment.

Grol signed a retention bonus agreement which provided for the payment of $50,000 in three installments payable in 2013, 2014 and 2015. That agreement provided that Grol would not receive any unpaid portion of that bonus if she was terminated "for cause" and was not an active associate at the time of

payout.  Plaintiff also executed an agreement with defendant providing that her employment was at-will and that she was subject to a non-compete clause.  That agreement made no reference to commission-based compensation or to retention of Giant Glass sales accounts.

In October, 2013, Safelite announced a plan to unify the Safelite and Giant Glass employee teams that included moving all sales representatives to commission-based pay calculated at 11% of 80% of their total sales.  Grol expressed her dissatisfaction with that plan to Feeney and Doug Herron, CFO of Safelite.  She complained that paying all sales representatives the same commission rate would make "no sense".

In January, 2014, Flowers and Regional Sales Manager Dean Drinkwater ("Drinkwater") informed Grol that her employment was terminated.  The parties dispute whether Flowers and Drinkwater told Grol that she was being terminated for cause due to alleged inappropriate and unprofessional behavior.  Grol contends that she "was completely blindsided" by the termination.

The parties also dispute whether, at the time of her termination, Grol's accounts had been transferred to other salespersons.  Defendant maintains that no such transfer had occurred but plaintiff contends that Safelite transferred more than one third of her sales accounts between December, 2013 and January, 2014.  Grol submits that those accounts were

transferred to sales representatives who were at least seven years younger than she was.

Plaintiff filed her complaint in Bristol County Superior Court in August, 2016, which defendant removed to this Court in September, 2016. Pending before the Court is defendant's motion for summary judgment.

## II. Analysis

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the

entire record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

### A. Count I – Violation of M.G.L. c. 151B § 4 (age discrimination)

In Massachusetts, it is an unlawful practice

> [f]or an employer in the private sector . . . because of the age of any individual, . . . to discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification.

M.G.L. c. 151B § 4(1B).

Where an employee lacks direct evidence that the employer's actions were motivated by animus, Massachusetts courts apply the burden-shifting framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Haddad v. Wal-Mart Stores, Inc., 455 Mass. 91, 97 (2009) (citing McDonnell Douglas, 411 U.S. at 802). Under that framework, the plaintiff must first establish a prima facie case of discrimination which the defendant may rebut by offering a legitimate, nondiscriminatory reason for its employment action. If defendant does so, plaintiff must produce evidence

demonstrating that defendant's stated reason was a pretext. <u>Id.</u> at 97 n. 14. The "elements of the <u>prima facie</u> case will vary depending on . . . the type of discrimination alleged" and the protected category at issue. <u>Knight</u> v. <u>Avon Prod., Inc.</u>, 438 Mass. 413, 420 n. 4 (2003).

Defendant "assum[es] arguendo" that Grol can establish a <u>prima facie</u> case but plaintiff, nevertheless, sets forth facts such that a reasonable factfinder could find that she was (a) over 40 years of age, (b) performing her job at an acceptable level, (c) subject to an adverse employment action in reduction in sales accounts, commission rate and termination and (d) treated differently from similarly situated younger employees. See <u>Knight</u>, 438 Mass. at 420-21.

In response to the plaintiff's establishment of a <u>prima facie</u> case, the employer can rebut the presumption of discrimination "by articulating a legitimate, nondiscriminatory reason for its hiring decision." <u>Blare</u> v. <u>Husky Injection Molding Sys. Boston, Inc.</u>, 419 Mass. 437, 441 (1995). Defendant avers that Grol behaved inappropriately and unprofessionally, thus warranting her termination. For instance, Flowers testifies that Grol "does not support the values of our company" failed to "help make our TEAM (key word) a success". Defendants point to emails sent by Grol indicating that she would not assist other team members in acquiring sales accounts if she did

not receive a commission. Accordingly, defendant successfully sets forth an alleged legitimate, nondiscriminatory reason. See Ruiz v. Posadas de San Juan Assocs., 124 F.3d 243, 248 (1st Cir. 1997) (internal citations omitted). The plaintiff must then demonstrate that the defendant's proffered reason for its employment decision was not the real reason but rather a pretext for discrimination.

Viewing the record in the light most favorable to plaintiff, Grol has raised a genuine dispute as to whether defendant's stated reason was pretextual. First, plaintiff notes that the record is devoid of any instance of Safelite management informing Grol that she had behaved inappropriately or unprofessionally. Cf. Lipchitz v. Raytheon Co., 434 Mass. 493, 501 (2001) (stating that "if the fact finder is persuaded that one or more of the employer's reasons is false," it may infer a discriminatory motive). In addition, the record shows that a reasonable jury could find that Grol's work quality was acceptable to and praised by her employer. Finally, Grol has set forth facts demonstrating that her accounts were transferred to younger sales representatives.

Because a reasonable factfinder could find that Safelite's stated reasons of inappropriate behavior and unprofessionalism were pretextual and motivated by age-based discrimination,

defendant's motion for summary judgment will, with respect to Count I, be denied.

In her opposition to defendant's motion for summary judgment, plaintiff, for the first time, presented the theory that Safelite engaged in a pattern and practice of age discrimination affecting her and two other sales representatives. To the extent that Grol maintains that practice of discrimination theory, or argues that Safelite did not credit her for certain sales in 2011 and 2012, those arguments have been waived. See Calvi v. Knox Cty., 470 F.3d 422, 431 (1st Cir. 2006) (affirming summary judgment for defendant because plaintiff "was not entitled to raise new and unadvertised theories of liability for the first time in opposition to a motion for summary judgment").

### B. Count II – Breach of contract

Defendant contends that 1) the parties had no contract to pay severance, 2) the parties had no enforceable contract setting a 13% commission rate and 3) Safelite did not breach Grol's retention bonus agreement. Furthermore, defendant maintains that plaintiff's claims are preempted by M.G.L. c. 151B.

An enforceable contract requires agreement between the parties on the material terms of the contract and an intention

that the parties be bound by the agreement. Situation Mgmt. Sys., Inc. v. Malouf, Inc., 430 Mass. 875, 878 (2000).

Under Massachusetts law, a plaintiff asserting breach of contract must demonstrate that (1) an agreement was made between plaintiff and defendant that was supported by consideration, (2) plaintiff was ready, willing and able to perform, (3) defendant failed to perform a material obligation provided for in the contract and (4) plaintiff suffered harm caused by defendant's failure to perform. Coady Corp. v. Toyota Motor Distributors, Inc., 346 F.Supp.2d 225, 248 (D. Mass. 2003), aff'd, 361 F.3d 50 (1st Cir. 2004) (citing Singarella v. City of Boston, 342 Mass. 385, 387 (1961)). A breach of contract is material "when it involves an essential and inducing feature of the contract." EventMonitor, Inc. v. Leness, 473 Mass. 540, 546 (2016) (citations omitted) (internal quotation omitted).

Massachusetts courts have construed "just cause" in the employment context to mean

> (1) a reasonable basis for employer dissatisfaction with a new employee, entertained in good faith, for reasons such as lack of capacity or diligence, failure to conform to usual standards of conduct, or other culpable or inappropriate behavior, or (2) grounds for discharge reasonably related, in the employer's honest judgment, to the needs of his business.

Klein v. President & Fellows of Harvard Coll., 25 Mass. App. Ct. 204, 208 (1987) (quoting G & M Employment Serv., Inc. v. Commonwealth, 358 Mass. 430, 435 (1970)). Discharge for "just

- 9 -

cause" can be contrasted with discharge on unreasonable grounds or "arbitrarily, capriciously, or in bad faith." Id. Because the existence of just cause is an affirmative defense that relies heavily on determinations of fact, it "rarely can be ruled as matter of law that it has been sustained." Chaplain v. Dugas, 323 Mass. 91, 93 (1948).

The parties dispute whether the CEO's statement to a group of employees that Giant Glass employees "would get a year of severance pay" created an enforceable contract. An implied contract can be created where negotiations, specificity and detail exist such that an employee could have reasonably expected that his employer had committed to certain stated terms. See O'Brien v. New England Telephone & Telegraph Company, 422 Mass. 686, 691-92 (1996). The existence of a contract is a question for the fact finder. Jackson v. Action for Boston Cmty. Dev., Inc., 403 Mass. 8, 9 (1988) (citing Maynard v. Royal Worcester Corset Co., 200 Mass. 1, 4-5 (1908)). A reasonable jury could find that the conduct and relations of the parties in this case did create an implied contract with respect to Grol's severance. Accordingly, a genuine issue of material fact exists as to the existence of that contract.

Similarly, a genuine dispute exists as to whether the emails exchanged between Grol and Flowers created a binding contract with respect to her 13% commission. To form a

contract, parties must give mutual assent "on the same proposition on the same terms at the same time." I & R Mech., Inc. v. Hazelton Mfg. Co., 62 Mass. App. Ct. 452, 456 (2004). It is axiomatic that such a determination is an issue for the finder of fact. See Hanham v. Sherman, 114 Mass. 19, 23 (1873) ("The instructions . . . left it to the jury to find the disputed fact, whether there was a meeting of the minds of the parties[.]").

Furthermore, there is a dispute as to whether plaintiff's conduct was "inappropriate and unprofessional", such that her termination for cause was justified. Finally, there is an issue as to whether plaintiff's sales accounts were transferred to younger employees during her employment.

Because genuine issues of material fact exist, defendant's motion for summary judgment will, with respect to Count II, be denied.

### C. Count III – Breach of covenant of good faith and fair dealing

In Massachusetts, all contracts contain an implied covenant of good faith and fair dealing which provides that each party involved will not

> do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

K.G.M. Custom Homes, Inc. v. Prosky, 468 Mass. 247, 254 (2014). "The scope of the [implied] covenant is only as broad as the contract that governs the particular relationship." Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 385 (2005).

Plaintiff's retention bonus was to be paid over three years. A reasonable jury could conclude that Safelite terminated Grol not for a legitimate business interest but to avoid paying her future bonuses. See RLM Assocs., Inc. v. Carter Mfg. Corp., 356 Mass. 718, 718 (1969) (finding breach of covenant when employee's "termination was in part based upon a desire to avoid paying a commission").

Defendant's motion to dismiss will, with respect to Count III, be denied.

**D.  Preemption under M.G.L. c. 151B**

Defendant submits that M.G.L. c. 151B preempts plaintiff's breach of contract and breach of covenant of good faith and fair dealing claims because that statute "provides the exclusive remedy for employment discrimination."

Section 9 of M.G.L. c. 151B provides, in part, that

> as to acts declared unlawful by section four, the procedure provided in this chapter shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned.

The Massachusetts Supreme Judicial Court has interpreted this provision to mean that a common law breach of contract

claim is preempted if it is based on conduct for which the M.G.L. c. 151B provides the exclusive remedy. <u>Charland</u> v. <u>Muzi Motors, Inc.</u>, 417 Mass. 580, 585 (1994).  Thus, plaintiff's claim is preempted if it is based upon defendant's allegedly discriminatory employment practices.

Plaintiff does not claim that Safelite breached the employment contract by discriminating against her.  Rather, she alleges that Safelite 1) discriminated against her and 2) breached her contract by terminating her without cause and failing to comply with the commission rate and retention bonus terms of the employment.  This case can thus be distinguished from <u>Reidy</u> v. <u>Travelers Ins. Co.</u>, 928 F. Supp. 98, 106 (D. Mass. 1996), <u>aff'd</u>, 107 F.3d 1 (1st Cir. 1997), on which defendant relies.  The plaintiff in <u>Reidy</u> sought

> relief on his breach of employment contract claim [] based upon his allegation that he was wrongfully terminated on the basis of his age and/or handicap.

<u>Id.</u>

Not so here.  Accordingly, Counts II and III are not preempted.

**ORDER**

For the foregoing reasons, defendants' motion for summary judgment (Docket No. 46) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 14, 2018